STADELMANN v. GLEN FALLS INSURANCE
COMPANY OF GLEN FALLS.

1. WORDS AND PHRASES—RESIDENT.
   "Resident" may be defined as one who resides in a place for a period of more or less duration.

2. SAME—HOUSEHOLD.
   Persons who dwell together as a family constitute a household.

3. SAME—ASSOCIATED WORDS.
   The meaning of words may be ascertained by reference to the meaning of words associated with them and their general environment.

4. INSURANCE—DEFINITION OF INSURED—RESIDENT OF HOUSEHOLD—GUEST.
   Definition in homeowner's insurance policy that the word *insured* includes (1) the named insured and (2) if residents of his household, his spouse, the relatives of either and "any other person under the age of 21 in the care of an insured" does not include an adult guest who is resident of another state or country and who is part of or makes up another household.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-9] 29 Am Jur, Insurance § 303.
   Who is member of insured's "family" or "household" within coverage of property insurance policy. 1 ALR2d 561.

5. WORDS AND PHRASES—GUEST.

"Guest" is defined as a person who is received and entertained at one's home, club, et cetera; a person who is not a regular member, a visitor.

6. APPEAL AND ERROR—INSURANCE—QUESTION OF LAW.

Question of whether plaintiff was a resident of her brother's household in suit for damages sustained when personal property was stolen from her brother's automobile under provision of her brother's homeowner's insurance policy *held,* to be a question of law, the facts being undisputed.

7. INSURANCE—RESIDENT OF HOUSEHOLD—AMBIGUITY.

Term *resident of household,* as used in homeowner's insurance policy, *held,* not to be ambiguous, and not to include a relative who is part of another household and a resident of a foreign country, and who is a temporary guest visiting for a definite period of time.

8. SAME—GUEST—RESIDENT OF HOUSEHOLD.

Plaintiff relative visiting for a definite period of time as a temporary guest of her brother, named insured under homeowner's policy issued by defendant insurance company, *held,* to be a guest, rather than a resident of the household under the policy.

9. SAME—RESIDENT OF HOUSEHOLD—EVIDENCE.

Holding of trial court that plaintiff, a resident of another country, became a resident of her brother's household under the terms of his homeowner's insurance policy during a visit to his residence of 6 to 8 weeks duration *held,* reversible error, where evidence was undisputed.

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J. Submitted Division 1 October 4, 1966, at Detroit. (Docket No. 1,404.) Decided January 10, 1967.

Complaint by Ruth Stadelmann against Glen Falls Insurance Company of Glen Falls to recover for personal property stolen from an automobile under a homeowner's insurance policy. Judgment for plaintiff. New trial denied. Defendant appeals. Reversed.

*Sullivan, Sullivan, Hull & Ranger* (*Edward M. Ranger*, of counsel), for plaintiff.

*Head & Denenberg* (*Julius Denenberg*, of counsel), for defendant.

Holbrook, J. Plaintiff was granted a judgment in the common pleas court for the city of Detroit against the defendant insurance company on September 29, 1965. After denial of its motion for a new trial, defendant has appealed and raised the following single question for review: Was Ruth Stadelmann a "resident of the household" of Joachim P. Stadelmann and Margarete Stadelmann, the named insureds under their homeowner's insurance policy?

The evidence is comprised of the testimony of Joachim P. Stadelmann, the insurance policy, and a stipulation between the parties establishing the value of plaintiff's clothing that was stolen. There was no dispute as to the facts.

Plaintiff's case is predicated upon a homeowner's policy issued to Joachim P. Stadelmann and Margarete Stadelmann the named insureds, insuring them against loss and damage by fire and other perils including theft of the property located at 713 E. Lincoln, Madison Heights, Michigan. The policy also insured personal property belonging to the "insured" away from the premises.

Joachim P. Stadelmann invited his older sister, plaintiff herein, a resident of West Germany, to visit him and his wife for a 6-to-8-week period. Mr. and Mrs. Stadelmann prepared a room in their home for the plaintiff to stay in while there. They also rented a house trailer for the purpose of making a trip through New England and Canada with plaintiff after her arrival in this country. They drove to New York with the trailer and met the

plaintiff on July 4, 1964. Together they remained in the New York city area for 3 days, living in the rented trailer. On the evening of July 7, 1964, Mr. Stadelmann unhitched the trailer and drove to 5th Avenue and 24th Street where he parked the automobile. After attending a Broadway show, they returned to the parked car about 11:30 and found that it had been broken into, one window was smashed and several objects were stolen including a suitcase of the plaintiff. They made a trip as planned through New England and Canada taking in all close to 3 weeks and then returned to the Stadelmann household in Madison Heights where plaintiff remained for 3 weeks before returning to her home in West Germany. Mr. Stadelmann paid for one-half of the fare for the plane trip from Germany to New York and all of plaintiff's expenses while she was visiting the Stadelmanns.

Plaintiff claims she was an "insured" at the time of the loss within the provisions of the said homeowner's policy. The defendant paid the Stadelmanns' losses, but denied liability to plaintiff.

The homeowner's policy defines the "insured" as follows: "(a) Insured: The unqualified word 'insured' includes (1) the named insured and (2) if residents of his household, his spouse, the relatives of either and any other person under the age of 21 in the care of an insured."

Personal property on the premises is covered whether owned by the "insureds" or by others. Personal property not located on the insured's premises such as property stolen from the Stadelmanns' automobile in New York is also covered provided it is owned, worn, or used by an insured under coverage C of the policy, entitled "Unscheduled Personal Property" as follows:

"2. Away from the premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an insured, or at the option of the named insured, owned by a guest while in a temporary residence of, and occupied by an insured."

Under the facts of this case, does plaintiff qualify as "a resident of Mr. Stadelmann's household?"

"Resident" is defined in Webster's New International Dictionary (2d ed) as:

"Dwelling, or having an abode, for a continued length of time; * * * one who resides in a place; one who dwells in a place for a period of more or less duration. Residence usually implies more or less permanence of abode, but is often distinguished from inhabitant as not implying as great fixity or permanency of abode."

"Resident" is defined in Black's Law Dictionary (4th ed), p 1,473 as follows: "One who has his residence in a place."

"Household" is defined in the same authority on p 873 as: "A family living together. *Schurler* v. *Industrial Commission,* 86 Utah 284 (43 P2d 696, 699, 100 ALR 1085). Those who dwell under the same roof and compose a family."

The meaning of words may be ascertained by reference to the meaning of words associated with them and their general environment. *Cleveland* v. *Second National Bank & Trust Company* (1958), 354 Mich 202.

The word "spouse" together with "any other person under the age of 21 in the care of an insured" are mentioned in the same class of which plaintiff claims to be a part. A spouse of the insured or a person under 21 years of age in the care of an in-

sured clearly qualifies a person as an integral part
of a family. It does not include a visitor or guest
who is a resident of another state or country and
who is a part of or makes up another household.
The defendant-appellant claims that the plaintiff,
while at her brother's home, was a guest or visitor.
We now turn to Webster's Third New International
Dictionary and find "guest" is defined as: "to re-
ceive or entertain as a guest." In the World Book
Encyclopedia Dictionary, Thorndike-Barnhart, vol
1, "guest" is defined as: "a person who is received
and entertained at one's home, club, et cetera, per-
son who is not a regular member, visitor." In a
case decided by the Oklahoma supreme court, it was
ruled that insured's son-in-law possessing a home of
his own did not become a member of insured's
"household" by temporarily returning with his wife
to insured's home, within automobile policy extend-
ing coverage to one operating automobile with per-
mission of adult member of insured's household.
Persons who dwell together as a family constitute
"household." *Indemnity Insurance Company of
North America* v. *Sanders,* 169 Okla 378, 379 (36
P2d 271, 273).

Appellee asserts that we should not disturb the
trial judge's finding of fact that plaintiff was a
resident of her brother's household because this
Court has ruled that in a nonjury law case, the
findings of fact by the trial judge will not be re-
versed unless contrary to the clear preponderance
of the evidence. *Shaw* v. *Wiegartz* (1965), 1 Mich
App 271, and other cases. However, in each of
the cited cases there were disputed fact questions
raised by the proofs. In the case at hand, the facts
being undisputed, the question of whether plaintiff
was a resident of her brother's household was and
is one of law. *Gersten* v. *Western Assurance Co.*
(1933), 265 Mich 122. We rule that the term "resi-

dent of household" is not ambiguous, and as applied to the facts of this case, does not include a relative who is a part of another household and a resident of a foreign country. Relatives, such as plaintiff, are temporary guests when visiting for definite periods of time, and living in the same dwelling under these circumstances would not qualify them as being insured under the terms of the policy.

Under coverage C of the policy, quoted above, property of a guest is insured "while in a temporary residence of and occupied by an insured." Clearly, Ruth Stadelmann's status could be none other than that of a guest. Had her belongings been taken from the trailer, she would have been covered under coverage C of the policy. However, since the theft was from the automobile, while parked a considerable distance from the trailer, she is thereby excluded by the terms of the policy.

Reversed. Costs to appellants.

Lesinski, C. J., and J. H. Gillis, J., concurred.