THOMAS v VIGILANT INSURANCE COMPANY

Docket No. 86186. Submitted August 4, 1986, at Grand Rapids. Decided November 17, 1986. Leave to appeal denied, 428 Mich —.

Shane Thomas obtained a default judgment for $200,000 in damages against Elvictor Taylor in the Kalamazoo Circuit Court, arising out of Elvictor Taylor's negligence in discharging a firearm at Elvictor Taylor's residence. After securing an assignment of Elvictor Taylor's rights against Vigilant Insurance Company, Thomas filed an action in circuit court against Vigilant Insurance. Vigilant Insurance had issued a homeowner's insurance policy to Madge and Victor Taylor, Elvictor Taylor's parents, which included personal injury protection and extended coverage to the named insureds and to residents of the named insureds' household. The circuit court, Charles H. Mullen, J., granted summary disposition in favor of Vigilant Insurance, ruling that Elvictor Taylor was not covered by his parents' homeowner's policy. Thomas appealed.

The Court of Appeals *held:*

Elvictor Taylor maintained a household separate and distinct from the household maintained by his parents. Coverage under his parents' homeowner's insurance policy therefore did not extend to Elvictor Taylor.

Affirmed.

INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.

Insurance contracts are to be interpreted according to the commonly understood meaning of the words of the contract; the terms of an insurance policy must be construed in accordance with the ordinary and popular sense of the language used so as to avoid strained interpretations.

*Sloan, Benefiel, Farrer, Newton & Glista* (by *Gary C. Newton*), for plaintiff.

REFERENCES

Am Jur 2d, Insurance §§ 269 *et seq.*

Who is "resident" or "member" of same "household" or "family" as named insured, within liability insurance provision defining additional insureds. 93 ALR3d 420.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen, P.C.* (by *Robert G. Kamenec*), for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and
W. R. PETERSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from a
June 27, 1985, opinion and order entered by the
Kalamazoo Circuit Court granting summary disposition in favor of defendant. The trial court found
that plaintiff, as an assignee of Elvictor Taylor,
was not entitled to personal injury protection coverage under a homeowner's policy of insurance
issued by defendant to the parents of Elvictor
Taylor. The policy in question extends coverage to
the named insureds and to "residents of the
named insureds' household." The trial court found
that Elvictor was not an insured under the homeowner's policy. We agree and affirm.

On June 15, 1982, plaintiff filed suit against
Elvictor for damages arising out of the latter's
negligence in discharging a firearm on September
27, 1981, at the home where Elvictor resided with
his wife and family, 821 Porter Street, Kalamazoo.
The home was owned and insured by Elvictor's
parents. Elvictor failed to appear or otherwise
defend and a default was entered on August 19,
1982. Defendant was notified that a default judgment had been entered and that it would be
voluntarily set aside if defendant undertook a
defense. Defendant refused to so defend, claiming
that Elvictor was not an insured under the policy
issued to Victor and Madge Taylor. Thereafter,
default judgment was entered against Elvictor in
the amount of $200,000. Plaintiff then procured an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

assignment of rights from Elvictor and brought the present action against defendant.

The homeowner's policy at issue defines insured as follows:

> (1) the Named Insured stated in the Declarations of this policy;
> (2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any insured.

Madge and Victor Taylor are listed as named insureds in the declarations section of the policy. Plaintiff contends that even though Madge and Victor had their own house on Cobb Street in Kalamazoo, they nevertheless had a household at 821 Porter Street, where Elvictor lived, and therefore Elvictor was an insured under the above definition. Hence, plaintiff contends, the trial court erred in granting summary disposition on the basis that Elvictor was not an insured under the homeowner's policy and that defendant had no duty to defend him. We disagree with plaintiff's argument.

Insurance contracts are to be interpreted according to the commonly understood meaning of the words of the contract. *Parrish v The Paul Revere Life Ins Co*, 103 Mich App 95, 97; 302 NW2d 332 (1981). The terms of the policy must be construed in accordance with the ordinary and popular sense of the language used so as to avoid strained interpretations. *Mich Mutual Ins Co v Sunstrum,* 111 Mich App 98, 102; 315 NW2d 154 (1981), lv den 414 Mich 890 (1982). *Black's Law Dictionary (rev 4th ed),* p 873, defines "household" as: "a family living together . . . [t]hose who dwell under the same roof and compose a family." *Webster's Third*

*New International Dictionary* (1971) defines "household" as: "[t]hose who dwell under the same roof and compose a family; a domestic establishment; specifically, a social unit comprised of those living together in the same dwelling place." *The American Heritage Dictionary of the English Language* (1976) defines "household" as: "[a] domestic establishment including the members of a family and others living under the same roof." The commonly understood meaning of the word "household" is a family unit living under the same roof.

Defendant points to *Hernandez v Comco Ins Co,* 357 S2d 1368 (La App, 1978), which involved a factual situation similar to that herein. In *Hernandez,* "insured" was defined in the insurance policy by language identical to that in the policy at issue here. The claimant in *Hernandez* resided in a second separate house built by the named insured on the same property with the named insured's house. The claimant and his family paid their own utilities, purchased their own groceries, cooked their own meals, and did their own laundry. Citing the *Webster's New World Dictionary* definition of "household" the Louisiana Appellate Court ruled that the two families involved, i.e., the insured and the claimant, were two distinct separate and independent family units and, therefore, the claimant was not a resident of the insured's household.

In the instant case, although Madge and Victor Taylor owned both the home on Porter Street in which Elvictor lived and their own residence on Cobb Street, they established only one household on Cobb Street. Elvictor Taylor and his family comprised a separate and distinct household in a separate dwelling on Porter Street. Elvictor Taylor paid his own utilities and purchased his own groceries. Rent was paid to Madge and Victor in the form of keeping the house in good repair. We

conclude, therefore, that Elvictor was not a resident of the insureds' household since the insureds' household was at a different address under a separate roof.

The facts of the within case are distinguishable from those in *Montgomery v Hawkeye Security Ins Co,* 52 Mich App 457; 217 NW2d 449 (1974), lv den 392 Mich 769 (1974), which plaintiff cites in support of his argument that Elvictor was a resident of the named insureds' household. In *Montgomery* the claimant was a full-time college student supported by his parents. He lived with his parents except when in the service or away at school. A panel of this Court found that the student was a resident of the named insured's household. In the within case, Elvictor, a forty-two-year-old man with a wife and family, had neither lived with nor been supported by his parents since 1961 when he moved out to join the service. He maintained a separate household completely independent from that of his parents. Hence, unlike the claimant in *Montgomery,* he was not a resident of the named insured's household.

The facts are not disputed with respect to the separate and distinct households established by Elvictor and his parents. Plaintiff has failed to show the existence of a factual dispute, by opposing affidavits, testimony, depositions, admissions or other documentary evidence, concerning whether Madge and Victor Taylor had an established household and lived together as a family with Elvictor at the Porter Street address. Therefore, the trial court was correct in concluding that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. *Pauley v Hall,* 124 Mich App 255, 262; 335

NW2d 197 (1983), lv den 418 Mich 870 (1983); *Stadelmann v Glen Falls Ins Co of Glen Falls*, 5 Mich App 536, 541; 147 NW2d 460 (1967).
Affirmed.