ALLSTATE INSURANCE COMPANY v TOMASZEWSKI

Docket No. 109427. Submitted August 1, 1989, at Lansing. Decided October 16, 1989.

Jamie Rogers, a minor residing in the household of his mother and stepfather, Deborah and James Robinson, was bitten by a dog owned by the Robinsons. A. J. Tomaszewski, Jr., as next friend of Rogers brought an action seeking damages from the Robinsons, who asked Allstate Insurance Company, homeowner's insurer under a policy issued to Mr. Robinson, to undertake their defense. Allstate, whose policy provided in part that " '[i]nsured person'—means you and, if a resident of your household, any relative and any dependent person in your care" and "[w]e do not cover bodily injury to an insured person or property damage to property owned by an insured person," brought an action in the Genesee Circuit Court against Tomaszewski and the Robinsons. Allstate sought a declaration that it was under no duty to provide coverage to or defend the Robinsons. Allstate moved for summary disposition, contending that Rogers was an insured who may not recover for his bodily injury under the terms of the policy. The court, Donald R. Freeman, J., granted summary disposition with respect to Mrs. Robinson, but denied the motion with respect to Mr. Robinson, ruling that Rogers was neither a relative nor a dependent of Mr. Robinson. Allstate appealed.

The Court of Appeals *held:*

1. The trial court erred in ruling that Rogers was not a dependent of Mr. Robinson. "Dependent" does not mean legal dependency. In any event, the Robinsons conceded that Rogers was dependent upon them for care and support.

2. The phrase "any relative and any dependent person in your care" refers to two distinct groups entitled to coverage and subject to the exclusion described above.

3. The trial court erred in ruling that Rogers was not a

REFERENCES

Am Jur 2d, Insurance § 727.

See the Index to Annotations under Homeowners' Insurance; Insurance and Insurance Companies; Stepchildren and Stepparents.

relative of Mr. Robinson. "Relative" means not only a blood relative but also a relative by marriage.

Reversed.

INSURANCE — HOMEOWNER'S INSURANCE — EXCLUSION FOR BODILY INJURY OR PROPERTY DAMAGE OF INSURED.

A homeowner's insurance policy exclusion for bodily injury or property damage sustained by an insured applies to bodily injury sustained by a stepchild of the principal named insured residing in the household of the principal named insured where the policy defines "insured" as the principal named insured and, if a resident of the principal named insured's household, any relative and any dependent person in the principal named insured's care.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. (by Stephen R. Petronio and Rosalind Rochkind), for plaintiff.*

*George R. Hamo, P.C. (by George R. Hamo), for defendants.*

Before: HOOD, P.J., and CAVANAGH and J. W. FITZGERALD,* JJ.

CAVANAGH, J. Plaintiff Allstate Insurance Company appeals as of right from a May 18, 1988, Genesee Circuit Court order denying Allstate's motion for summary disposition, finding liability coverage available under a homeowner's insurance policy issued to defendant James Robinson. MCR 2.116(C)(10). This is a declaratory action in which Allstate sought to resolve whether liability coverage was available to defendants Deborah Robinson and James Robinson in an action for a dog bite to defendant Jamie Rogers, Deborah Robinson's son and James Robinson's stepson. We reverse.

On the date of injury, December 9, 1985, Jamie Rogers was eight years old and resided with his

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

mother and stepfather. Suit was commenced on Jamie's behalf against the Robinsons on October 29, 1986. The Robinsons sought liability coverage under their homeowner's insurance policy and tendered the defense to Allstate. Allstate accepted the defense under a reservation of rights, contending that no liability coverage was available.

In its declaratory action, Allstate claimed that Jamie was an "insured person" under the policy, thereby excluding coverage. The relevant portions of the homeowner's policy provide:

DEFINITIONS USED THROUGHOUT THIS POLICY

\* \* \*

"Insured Person"—means you and, if a resident of your household, any relative and any dependent person in your care.

\* \* \*

EXCLUSIONS—LOSSES WE DO NOT COVER

\* \* \*

We do not cover bodily injury to an insured person or property damage to property owned by an insured person.

Following an April 27, 1988, hearing, the circuit court granted summary disposition as to Deborah Robinson's liability coverage. As to James Robinson, however, it concluded that Jamie was not an "insured person" because James Robinson was not his natural or adoptive father. The court reasoned that, first, Jamie's status as an insured person could be interpreted differently depending on whether James Robinson or Deborah Robinson was the named insured. Second, the policy's use of the phrase "relative and any dependent" required that two conditions be met in order for Jamie to be an "insured person." Finally, the court found that Jamie was neither a relative nor a dependent of

James Robinson, interpreting "dependent" to mean legal dependency. On appeal, Allstate urges that the circuit court erred in interpreting the contract. We agree.

A basic rule of insurance contract construction is that policy language creating exclusions from coverage be strictly construed against the insurer. *Farm Bureau General Ins Co of Michigan v Riddering,* 172 Mich App 696, 704; 432 NW2d 404 (1988). Nevertheless, policy language must be interpreted according to its commonly understood meaning. *Thomas v Vigilant Ins Co,* 156 Mich App 280, 282; 401 NW2d 351 (1986). Insurance contract language is given its ordinary and plain meaning so as to avoid a technical or strained construction. *Id.* In addition, the contract must be read and interpreted as a whole. *Boyd v General Motors Acceptance Corp,* 162 Mich App 446, 452; 413 NW2d 683 (1987). If, after reading the entire contract, the language can reasonably be understood in different ways—one providing and the other excluding coverage—the ambiguity is to be liberally construed against the insurer. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982).

Turning to the insurance contract here, the definition of "insured person" must remain consistent throughout the contract in keeping with the policy of interpreting insurance contracts as a whole. *Boyd, supra.* Moreover, the policy expressly provides that it's definitions are to be "used throughout th[e] policy." Clearly, therefore, Jamie Rogers must retain a single status throughout the contract. The circuit court erred in conditioning Jamie Rogers' status as an insured person on which parent was the named insured. The Robinsons would surely expect coverage under the policy if they were being sued for injuries Jamie negli-

gently caused to a playmate. In that situation, Jamie would clearly be an "insured person" as a relative and dependent of his mother, a named insured. Further, defendants' position, if adopted, would yield absurd and inequitable results: a natural child who receives injury could not look to his or her parent's homeowner's insurance, but a stepchild could. See *Washburn v American Roofing Co,* 52 Mich App 188, 191; 217 NW2d 104 (1974). Thus, it would be inconsistent, as well as incorrect, to define "insured person" differently depending on the particular situation. We find Jamie Rogers, as a relative and dependent of the Robinsons, an insured person within the meaning of the contract.

In that regard, the circuit court erred in finding that Jamie was not a dependent of James Robinson. "Dependent" does not mean legal dependency. The phrase being construed is "dependent person in your care." Though James Robinson has no legal obligation to support his stepchild, *Wilson v General Motors Corp,* 102 Mich App 476, 480; 301 NW2d 901 (1980), the Robinsons concede that Jamie was a resident of the household and, in fact, "was dependent upon them for care and support." Allowing the contract its ordinary and plain meaning, *Boyd, supra,* we find that Jamie Rogers was a dependent person in the care of James Robinson. Accord *Jenks v State,* 507 So 2d 877 (La App, 1987); *A G by Waite v Travelers Ins Co,* 112 Wis 2d 18; 331 NW2d 643 (1983).

We also find that a plain reading of "any relative and any dependent person in your care" refers to two distinct groups that are entitled to coverage, given residency in the household, rather than two required conditions for coverage. In context, the conjunction "and" means to add another group, not to set up two requirements. The use of

the word "any" before "relative" and "dependent person" clearly gives it this meaning. Defendants' argument that Allstate should have used "or" if it intended to establish alternative groups is without merit. The words "and" and "or" can be interchanged depending on context. See *Neighborhood Committee on Lead Pollution v Bd of Adjustment,* 728 SW2d 64, 68 (Tex App, 1987).

Lastly, we agree that the circuit court erred in finding that Jamie was not a "relative" of James Robinson. In the insurance context, courts have held that "relative" means not only blood relative but also relative by marriage. See *Fidelity & Casualty Co v Jackson,* 297 F2d 230 (CA 4, 1961); *Hernandez v Comco Ins Co,* 357 So 2d 1368 (La App, 1978), writ den 359 So 2d 1305 (La, 1978). Though giving "relative" a broad meaning may exclude coverage in this case, under other circumstances, a plain reading will provide coverage to a resident relative by marriage. It cannot work both ways. In a broader sense, therefore, we are liberally construing the insurance contract in favor of coverage by finding that a stepchild is an insured person under the policy. In this case, however, the exclusion is controlling and coverage is unavailable. We reverse and remand for entry of summary disposition in favor of Allstate.

Reversed.