FARM BUREAU MUTUAL INSURANCE COMPANY OF
MICHIGAN v MOORE

Docket No. 131270. Submitted February 6, 1991, at Lansing. Decided
March 28, 1991; approved for publication June 20, 1991, at 9:10
A.M.

Farm Bureau Mutual Insurance Company of Michigan brought
an action in the Macomb Circuit Court against Karen J. Moore,
individually and as next friend of Jason Moore and Alicia
Moore, her minor children, and others, seeking a declaration
that it owed no coverage or duty to defend under a homeown-
er's insurance policy issued to Karen Moore and her husband,
Michael Moore. Karen Moore had brought a negligence action
against her husband and others for bodily injury she suffered
during a family construction project and for the children's loss
of consortium. The trial court, Robert J. Chrzanowski, J.,
granted summary disposition for Farm Bureau, finding that it
owed no coverage or duty to defend under the policy because
bodily injury to the named insureds and residents of the
household was excluded from personal liability coverage. Karen
Moore, for herself and as next friend of her children, appealed.

The Court of Appeals *held:*

1. The exclusion of coverage for injuries to residents of the
insured's household is not violative of public policy, void, or
unenforceable, and the language in the policy was not ambigu-
ous.

2. The children's loss of consortium claims were properly
found to be excluded from coverage because the children were
residents of the insureds' household and because the claims
were not for bodily injury and therefore did not fall within the
scope of personal liability coverage.

Affirmed.

INSURANCE — PERSONAL LIABILITY COVERAGE — EXCLUSION — RESI-
DENTS OF INSURED'S HOUSEHOLD.

An exclusion in a homeowner's insurance policy of personal

REFERENCES

Am Jur 2d, Insurance §§ 707, 727.
Validity, under insurance statutes, of coverage exclusion for injury
to or death of insured's family or household members. 52 ALR4th
1.

liability coverage for injuries to residents of the insured's household is not violative of public policy where the exclusion is set forth plainly and clearly and is easily understood.

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Steven A. Mitchell*), for the plaintiff.

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas* and *David R. Brake*), for the defendant.

Before: DANHOF, C.J., and HOLBROOK, JR. and SULLIVAN, JJ.

PER CURIAM. Defendant Karen J. Moore appeals as of right from an order of the Macomb Circuit Court granting plaintiff summary disposition, in its declaratory judgment action, pursuant to MCR 2.116(C)(9), on the ground that defendants failed to state a valid defense to the complaint. We affirm.

The underlying suit which prompted the declaratory judgment action at bar stems from injuries defendant Karen Moore suffered at the construction site of her parents' cottage. While watching her husband, father, brother, two brothers-in-law, and a sister's boyfriend work on the cottage, she was struck in midback by a falling wall. She suffered permanent injury to her spinal cord, resulting in total paralysis of her lower body and confinement to a wheelchair.

She filed the underlying action in Macomb Circuit Court alleging liability under negligence theories against the individuals engaged in the construction project, including her husband, defendant Michael Moore. At the time of the accident, Michael Moore was insured under a homeowner's insurance policy issued by plaintiff. Karen and Michael Moore were both named as insureds under the terms of the policy. The policy provided for

personal liability coverage for claims or suits "brought against an insured for damages because of bodily injury or property damage" caused by an occurrence. The policy excluded from personal liability coverage:

> bodily injury to:
> a. you;
> b. your spouse;
> c. residents of your household; or
> d. any other person within the meaning of "insured", as defined.

The policy also stated that "you" and "your" refer "to the 'named insured' shown in the Declarations and the spouse, if a resident of the same household."

After considering the briefs of the parties without oral argument, the trial court held that the exclusion relied upon by plaintiff barred both the personal injury claim of defendant Karen Moore and the loss of consortium claims of her children.

Karen Moore first argues on appeal that the exclusion of coverage for injuries to residents of the insured's household is a violation of public policy and is therefore void and unenforceable. We disagree.

In making this claim, she argues that the doctrine of intrafamily immunity was abolished by our Supreme Court in *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972). In doing so, the Court found that because most people were now covered by liability insurance, if a claim were asserted by an injured family member against another family member, the historical disruption to family harmony would not occur. *Id.,* pp 7-8. There is, however, a major difference between striking down the common-law intrafamily immunity doctrine and

limiting an insurance company's ability to write coverage exclusions into insurance contracts. In a case decided after *Plumley, Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), the Court recognized the validity of exclusionary clauses:

> We would hold today that a no-fault insurer may exclude coverage for residual liability when an insured is driving a vehicle owned by a resident family member, so long as *the exclusion is clearly and unambiguously stated. [Id.,* p 642. Emphasis supplied.]

Policy language creating exclusions from coverage are to be strictly construed against the insurer. *Farm Bureau General Ins Co of Michigan v Riddering,* 172 Mich App 696, 704; 432 NW2d 404 (1988). Notwithstanding this basic rule, policy language must be interpreted according to its commonly understood meaning. *Thomas v Vigilant Ins Co,* 156 Mich App 280, 282; 401 NW2d 351 (1986). Insurance contract language is given its ordinary and plain meaning to avoid a technical or strained construction. *Id.* In addition, the contract must be read and interpreted as a whole. *Boyd v General Motors Acceptance Corp,* 162 Mich App 446, 452; 413 NW2d 683 (1987). If, after reading the entire contract, the language can reasonably be understood in different ways—one providing and the other excluding coverage—the ambiguity is to be liberally construed against the insurer. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982).

We do not believe that the language at issue in the insurance contract before us is ambiguous in any way. The exclusion was set forth plainly and clearly and is easily understood using its com-

monly understood meaning. In the absence of a statutory prohibition of such household exclusion clauses in insurance contracts, we cannot find that such an exclusionary clause is violative of public policy and therefore void and unenforceable.

Karen Moore, as next friend of her minor children, next argues that absent a forced, strained, and technical construction of an exclusionary term, the insurance policy at issue provides coverage for liability arising out of a claim for loss of consortium resulting from a bodily injury to a member of the insured's household.

In its opinion, the lower court held that the children's loss of consortium, if incorporated under the definition of "bodily injury," would be excluded under the exclusionary clause because the children would properly be considered residents of the household of a named insured. If not included under the definition of "bodily injury," the claim would fail to fall within the scope of personal liability coverage because it does not constitute a claim for property damage. We believe the trial court was correct in its analysis and conclusion.

In *State Farm Mutual Automobile Ins Co v Descheemaeker,* 178 Mich App 729; 444 NW2d 153 (1989), this Court held that derivative claims for loss of consortium, society, and companionship were not separate bodily injuries. In *Allstate Ins Co v Tomaszewski,* 180 Mich App 616; 447 NW2d 849 (1989), this Court held that a resident stepchild in the insured's household fell within an exclusionary clause regarding resident relatives.

We therefore find that the trial court correctly held that the children's loss of consortium claims were excluded from coverage.

Affirmed.