**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

NEIL HORN,

      Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant-Appellee.

No.  03-6043
(D.C. No. 02-CV-58-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **MURPHY** , **BARRETT** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Neil Horn (sometimes known as James Neil Horn) appeals from the grant of summary judgment in favor of Appellee Government Employees Insurance Company (GEICO) on his claims alleging breach of an insurance contract and bad faith. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The basic facts are undisputed. While driving on an Oklahoma highway on August 29, 1999, Appellant's car was rear-ended by another car driven by Brenda Miller. Appellant's car was pushed across the highway into oncoming traffic—a large group of motorcyclists. Two motorcycles struck Appellant's car, which threw the drivers and passengers into the air and onto Appellant's car. Three of those four people were killed. After the accident, Appellant got out of his car and examined the motorcyclists. They all were severely injured and one of them was partially decapitated. When police and paramedics arrived, Appellant was placed in an ambulance along with the decapitated motorcyclist and taken to a hospital. Appellant's injuries were described as minor, and resulted in bills of $841.00 and $654.00 for two visits.

Miller was underinsured at the time and Appellant had declined uninsured motorist coverage on his own policy. His brother-in-law, John Pitts, however, had a GEICO policy that included uninsured motorist coverage for " relatives of [the insured] if residents of his household." Aplt. App., Vol. I at 185 (Section IV, paragraph 2(b)). Appellant retained counsel and filed a claim under Mr. Pitt's

policy, asserting that he was living with Mr. Pitts at the time of the accident. Appellee reserved its right to dispute coverage on the ground that either Appellant or his vehicle were not insured, id. at 174, but offered to settle first for $3500.00 and then for $4000.00. Appellant refused the first offer and did not respond to the second. On January 15, 2002, he filed this suit.

On cross-motions for summary judgment, the district court determined that Appellant failed to produce any evidence that he was a resident of Mr. Pitts' household at the time of the accident or for long enough to be an insured under Mr. Pitts' insurance policy. The court further determined that Appellant had failed to produce evidence to support his assertion that Appellee did not adequately investigate his insurance claim, and that Oklahoma law prohibiting "low-ball" offers did not apply to his disputed claim or prove Appellee's bad faith.

We review the grant of summary judgment de novo, applying the same legal standard as the district court. Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Appellant argues on appeal that: (1) because he resided with his brother-in-law at the time of the accident, he was an insured under his brother-in-law's uninsured motorist policy and his motion for partial summary judgment should have been granted; and (2) he produced sufficient evidence to warrant a jury trial on the issue of Appellee's bad faith.

Appellant bears the burden to prove that he was a resident with Mr. Pitts at the time of the accident, and was therefore an insured within the meaning of Mr. Pitt's insurance policy. As the district court pointed out, the Supreme Court of Oklahoma has relied on a dictionary definition for the term "resident":

> Dwelling, or having an abode for a continued length of time; * * * one who resides in a place; one who dwells in a place for a period of more or less duration. Residence usually implies more or less permanence of abode but is often distinguished from inhabitant as not implying as great fixity or permanency of abode.

Henderson v. Eaves, 516 P.2d 270, 274 (Okla. 1973) (quotation omitted). Appellant himself acknowledges that Appellee's policy explained that "the term resident . . . does require more than mere temporary physical presence in the named insured's household." Aplt. App., Vol. II at 361.

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the Supreme Court discussed the quantum of evidence necessary to withstand summary judgment. Since the evidence of the nonmoving party is deemed true and all "justifiable" inferences are drawn in his favor, id. at 255, he "need only present

-4-

evidence from which a jury might return a verdict in his favor," id. at 257. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255. Thus, when a trial judge decides a motion for summary judgment based on the lack of proof of a material fact, the judge must ask whether a "fair-minded jury" could return a verdict for the plaintiff on the evidence presented. Id. at 252. But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id.

In light of this standard, we agree with the district court that Appellant's evidence is insufficient to support a reasonable inference that he resided with Mr. Pitts, the policyholder, at the time of the accident or long enough to qualify as an insured under Mr. Pitts' policy. Under Liberty Lobby, Appellant must not only produce evidence of residence with his brother-in-law at the time of the accident, but the evidence must be of a nature or quality from which a reasonable jury could infer that fact.

Appellant submitted none of the standard documentary proof of residence, such as drivers license, credit card mailings, tax returns, voting registration, or the like. Indeed, on the police report for the accident, Appellant stated his address to be 5603 S.W. Lee, Oklahoma City. Aplt. App., Vol. I at 164. Other

documents within his medical record in connection with the accident, but dated prior to the accident, show the same address. Id. at 140. Other medical reports and a collection letter, dated from September through November 1999, show his address to be either in Norman or Yukon rather than Oklahoma City. Id. at 129, 143, 151, 157, 158, 161, 162, 173.

In support of his argument, Appellant points first to evidence that a GEICO investigator initially concluded that he was covered by Mr. Pitts' policy, based on Mr. Pitts' representation to the company that Appellant was living with him at the time of the accident. See id., Vol. II at 321, 322, 327 (Hughes Depo., pages 8, 9, 115, 116), 383 (GEICO Daily Alog Transactions). Although the log in which the statement appears may be admissible in evidence as a business record, the statement recorded in it–that Mr. Pitts said that Appellant was living with him–is inadmissible hearsay. See United States v. McIntyre, 997 F.2d 687, 699-700 (10th Cir. 1993). Such inadmissible evidence cannot be used on summary judgment to prove that Appellant was living with his brother-in-law on the date of the accident. See Wells v. Boston Ave. Realty, 125 F.3d 1335, 1340 (10th Cir. 1997).

Appellant also points to an emergency room report dated August 29, 1999, the date of the accident, showing his address as 5409 S.W. Lee Ave., Oklahoma City–the Pitts' residence. Id., Vol. I at 135. It is not clear, however, whether this

means anything more than that he was staying with his sister and brother-in-law at the time, and contains no information about whether his stay was intended to be anything other than temporary.

Appellant relies most heavily on deposition testimony of his brother-in-law, Mr. Pitts. Mr. Pitts testified that at some unspecified period of time, Appellant stayed with him for more than one and less than four months, sleeping either on a living room couch or in a back bedroom; Mr. Pitts changed his account from one to the other. Id. at 258 (Pitts Depo. at 13-14). Mr. Pitts did not state whether or not the accident took place during this period. Seven pages later in his deposition, Mr. Pitts was asked: "Do you know if he was living at your house at the time this wreck occurred out there on Highway 9?" Mr. Pitts answered: "I believe that he was," and then promptly clarified: "I can't remember 100 percent beyond the shadow of a doubt. But I believe that he was." Id. at 260 (Pitts Depo. at 21-22). Mr. Pitts also testified that he had no lease agreement with Appellant, that Appellant paid no rent (though he would sometimes "throw in some cash" toward the groceries), never took out utilities in his name, did not move his furniture into the house, had no fixed period for staying there, and was not a permanent resident. Id. at 258-60 (Pitts Depo. 14-22).

This evidence is insufficient to create a genuine issue of material fact. At most, it shows his brother-in-law's "belief" that Appellant was "living" at his

house at the time of the accident.    See id. at 260 (Pitts Depo. at 21-22).  This falls short of proof of residence in the sense of "more or less permanence of abode," which is the legal standard under Oklahoma law.    Henderson , 516 P.2d at 274.  A temporary house guest is not a "resident" for purposes of obtaining coverage on the householder's automobile insurance policy.

Because we affirm the district court's holding that Appellant was not an insured as defined by Appellee's insurance policy, we need not address his bad-faith claim.

The judgment of the district court is AFFIRMED.


Entered for the Court


Michael W. McConnell
Circuit Judge