PARRISH v THE PAUL REVERE LIFE INSURANCE COMPANY

Docket No. 50055. Submitted October 20, 1980, at Detroit.—Decided January 22, 1981.

Dorothy Parrish brought an action against The Paul Revere Life Insurance Company for breach of a contract of insurance to provide income in the event of her decedent husband's disability. Livingston Circuit Court, Paul R. Mahinski, J., found no cause of action and entered judgment in favor of defendant. Plaintiff appeals. *Held:*

The policy of insurance provided for benefits for total disability due to sickness and required the regular and personal attendance of a licensed physician during the term of disability. The language of the policy clearly envisioned that the insured be alive during the benefit period. The trial court did not err in finding that the maximum benefit period was terminated by the death of the insured.

Affirmed.

1. INSURANCE — CONTRACTS — INTERPRETATIONS — CONSTRUCTION.

Insurance contracts are interpreted as a whole, giving to the words of the contract their commonly understood meanings; a literal reading of a word should not overcome common sense or bring about an absurdity if avoidable, and, if there is any doubt or ambiguity, the contract should be construed most favorably to the insured.

2. INSURANCE — INSURANCE POLICIES — CHARACTERIZATION.

The name of a policy of insurance may be considered, along with other facts, in determining the policy's true character.

3. INSURANCE — DISABILITY INSURANCE — BENEFITS — STATUTES.

Disability insurance is insurance of a person against bodily injury

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur 2d, Insurance §§ 257, 259, 265.
[2] 43 Am Jur 2d, Insurance § 4.
[3] 43 Am Jur 2d, Insurance § 3.
    44 Am Jur 2d, Insurance §§ 1594, 1595.
[4] 43 Am Jur 2d, Insurance § 3.
[5] 44 Am Jur 2d, Insurance § 1597.

or death by accident or against disability due to sickness or accident, including medical, hospitalization, and sick care benefits, but not against death due to sickness (MCL 500.606, 500.3400[1]; MSA 24.1606, 24.13400[1]).

4. INSURANCE — LIFE INSURANCE.

Life insurance insures the lives and health of persons (MCL 500.602; MSA 24.1602).

5. INSURANCE.— DISABILITY INSURANCE — BENEFIT PERIOD — TERMINATION OF BENEFITS.

The maximum benefit period of a policy of disability insurance which, by its language, clearly envisions that an insured be alive during the benefit period is terminated by the death of the insured.

*McCririe & Latreille,* for plaintiff.

*John R. Brennan,* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

DANHOF, C.J. Plaintiff appeals as of right from a judgment of no cause of action entered on February 21, 1980. This is a breach of contract action against her decedent husband's insurer which was submitted to the circuit court pursuant to GCR 1963, 111.10 for judgment on agreed upon facts.

Defendant issued a disability-income policy to plaintiff's husband on January 10, 1977. He became totally disabled as a result of a heart-related illness on July 1, 1977. The 90-day waiting period for commencement of benefits expired on September 28, 1977. Plaintiff's husband died on October 11, 1977, as a result of his heart-related illness. Defendant offered plaintiff the amount due under the policy for the period of disability up to October 11, 1977, and tendered the unearned premium.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This dispute centers around the benefit period due plaintiff in these circumstances. The policy provides for a maximum benefit period for total disability from sickness of 36 months while the maximum period for total disability due to accident is lifetime. Plaintiff argues that the policy requires a continuation of payments for 36 months unless the insured recovers so as to be no longer disabled without regard to the intervening death of the insured. Defendant argues that all disability benefits end at death.

Insurance contracts are interpreted as a whole, giving to the words their commonly understood meanings. *Lincoln Mutual Casualty Co v American Arbitration Ass'n,* 49 Mich App 676, 680; 212 NW2d 765 (1973). A literal reading should not overcome common sense or bring about an absurdity if it can be avoided. *Mondou v Lincoln Mutual Casualty Co,* 283 Mich 353, 358; 278 NW 94 (1938). If there is any doubt or ambiguity with reference to a a contract of insurance, it should be construed most favorably to the insured. *Century Indemnity Co v Schmick,* 351 Mich 622, 626-627; 88 NW2d 622 (1958).

In the present case, the parties plainly intended to enter into a disability-income insurance contract. The name of the policy may be considered, with other facts, in determining its true character. *Deland v Fidelity Health & Accident Mutual Ins Co,* 325 Mich 9, 17; 37 NW2d 693 (1949).

Disability insurance is defined as:

"insurance of any person against bodily injury or death by accident, or against disability on account of sickness or accident including also the granting of specific hospital benefits and medical, surgical and sick-care benefits to any person, family, or group." MCL 500.606; MSA 24.1606.

See also MCL 500.3400(1); MSA 24.13400(1).

According to the statutory definitions, disability insurance does not include insurance against death through sickness. By way of comparison, life insurance is "insurance upon the lives and health of persons". MCL 500.602; MSA 24.1602.

In the instant case, plaintiff seeks benefits for total disability due to sickness. The policy provides that total disability means that as a result of such injury or sickness the insured is unable to perform the duties of his regular occupation and is not engaged in any other gainful occupation. It provides for benefits for sickness "[i]f such sickness results in continuous total disability while this policy is in force and requires the regular and personal attendance of a licensed physician".

The trial court found that the policy is not ambiguous. It ruled that a reading of the policy could not lead one to reasonably expect that disability payments would continue after the death of the insured.

We agree. Under a common sense reading, the provisions excerpted above clearly envision that the insured be alive during the benefit period. *American Home Assurance Co v Hughes,* 209 Va 514; 165 SE2d 411 (1969). Plaintiff's interpretation is inconsistent with the language requiring the regular and personal attendance of a physician.

We conclude that the trial court did not err in finding that the 36-month benefit period is a maximum benefit period which is terminated by the death of the insured.

Affirmed. Costs to defendant.