MERIDIAN MUTUAL INSURANCE COMPANY v HUNT

Docket No. 98050. Submitted November 17, 1987, at Lansing. Decided February 5, 1988. Leave to appeal applied for.

Meridian Mutual Insurance Company issued two homeowner's insurance policies to Carl Roy Nichols and his wife, Thelma Nichols. One of the policies provided coverage on a residence on 605 Raeburn Drive, the other on a residence on Nye Highway. The policies both stated that bodily injury to the insured or a family member residing in the insured's household was not covered. Carl Nichols allegedly inflicted injuries on his stepson, Eric J. Hunt, during the time the policies were in effect. Eric Hunt and his mother, Thelma Nichols, filed suit against Carl Nichols in Eaton Circuit Court seeking damages for the injuries. Meridian Mutual defended Carl Nichols in that action under a reservation of rights. Meridian Mutual then filed this action against Eric J. Hunt, Thelma Nichols, and others in Eaton Circuit Court seeking a declaratory judgment that it had no duty to defend and indemnify Carl Nichols with respect to the claims against him in the other action. Meridian Mutual moved for summary disposition, which the court, Richard M. Shuster, J., granted without specifying upon which subsection of the court rule summary disposition was based. Defendants appealed, arguing that, since they lived in the Raeburn Drive home, the insurance policy on the Nye Highway house should provide coverage.

The Court of Appeals *held:*

1. The trial court apparently based its grant of summary disposition on the ground that there was no genuine issue of material fact. Before summary disposition may be granted on this ground, the trial court must be satisfied that it is impossible for the claim asserted to be supported by the evidence at trial. In this case, the proper interpretation of the bodily injury

REFERENCES

Am Jur 2d, Insurance §§ 269 *et seq.,* 1408 *et seq.*

Insurer's tort liability for consequential or punitive damages for wrongful failure or refusal to defend insured. 20 ALR4th 23.

Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy. 49 ALR2d 694.

exclusions in the two policies excludes defendants' claims against Carl Nichols.

2. The trial court did not err in finding that Meridian Mutual was not obligated to defend or indemnify Carl Nichols against a claim of damages for mental anguish, loss of services, loss of society and companionship, fright and shock, and emotional upset made by Thelma Nichols. The policies' definition of "bodily injury" clearly encompasses these types of injuries and, therefore, they are excluded from coverage.

Affirmed.

1. INSURANCE — DUTY TO DEFEND — EXCLUSIONS FROM COVERAGE.

An insurer is not required to defend against claims for damage expressly excluded from policy coverage; exceptions in a policy are part of the contract between the parties.

2. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.

Insurance contracts are to be interpreted according to the commonly understood meaning of the words of the contract; the terms of an insurance policy must be construed in accordance with the ordinary and popular sense of the language used so as to avoid strained interpretations.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Everett R. Trebilcock* and *Mark A. Bush*), for plaintiff.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Thomas A. Bengtson* and *Brian L. Hiesrodt*), for defendants.

Before: M. J. KELLY, P.J., and G. R. McDONALD and J. D. PAYANT,* JJ.

PER CURIAM. Defendants appeal as of right from a January 8, 1987, order granting plaintiff's motion for summary disposition which was based on the court's finding that plaintiff is not contractually obligated to provide insurance coverage to Carl Roy Nichols pursuant to two homeowner's insurance policies.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff filed the instant action for declaratory judgment seeking a declaration that plaintiff no longer had a duty to defend and indemnify Carl Nichols with respect to claims made by Eric Hunt and Thelma Nichols in a separate action in which they sought damages for alleged injuries inflicted on Eric Hunt by Carl Nichols on November 10, 1984. Carl Nichols was being defended by plaintiff under a reservation of rights in that separate action. Plaintiff alleged in the instant action that the policy of insurance under which Nichols sought to be defended and indemnified specifically excluded coverage for the type of injury at issue.

There are two identical policies of homeowner's insurance involved in the instant case. According to the insurance policy declaration sheets, plaintiff issued a "renewal" policy in the names of Carl and Thelma Nichols for coverage on a residence on 605 Raeburn Drive. The coverage period was from May 18, 1984, to May 18, 1985. Plaintiff also issued a "new business declaration" policy in the names of Carl and Thelma Nichols for coverage on a residence on Nye Highway. The coverage ran from April 10, 1984, to April 10, 1985.

The personal liability coverage section of both homeowner's insurance policies states in pertinent part: "We do not cover bodily injury to you or a family member residing in your household."

Eric Hunt's deposition testimony reveals that he was fourteen years old and was residing at the Raeburn Drive home with his mother and stepfather, Carl Nichols, when he sustained the injuries on November 10, 1984. He had been living at that residence for about one year prior to the incident. He was relying on his mother for support and did not get along well with his stepfather, Carl Nichols.

Thelma Hunt's deposition testimony reveals that

she was married to Carl Nichols from February 14, 1982, until January 24, 1985. She resided at the Raeburn address from 1978 through 1984. She acquired the home in a divorce from John Hunt in 1978. After their marriage, Carl Nichols moved into the house with her and lived there up to and including November 10, 1984. Hunt alone was supporting Eric at this time because Carl did not bring any money into the household.

On June 25, 1986, plaintiff moved for summary disposition in the instant case "pursuant to the provisions of MCR 2.116." No subsection of the court rule was specified. Plaintiff contended in its motion that Eric Hunt was a "family member" as a stepson to the insured, Carl Nichols, residing in his household on Raeburn and that the insurance policy excludes from coverage bodily injury to the insured or a family member residing in his household. Because of this exclusion, plaintiff claimed it was entitled to a declaratory judgment that it had no obligation to provide a defense for Nichols or pay any claim relating to the injury sustained by Eric Hunt. Following a December 22, 1986, hearing on the motion, the court found that the bodily injury exclusion was applicable under both policies issued by plaintiff. Since there was no coverage provided for injuries to Eric or Thelma Hunt, plaintiff was not responsible "as a matter of contract" under either policy.

On January 8, 1987, an order was entered incorporating the court's findings and granting plaintiff's motion for summary disposition. Defendants now appeal as of right.

Defendants contend that the trial court erred in granting plaintiff's motion for summary disposition. We disagree. Initially we note that plaintiff failed to state in its motion for summary disposition the subsection of MCR 2.116 under which the

motion was being brought. In addition, no reference is found to the grounds upon which plaintiff's motion was granted in either the December 22, 1986, hearing transcript or the January 8, 1987, written order. Nonetheless, since the record is clear that the parties have relied on matters outside the pleadings to argue the motion, this Court construes the motion as one brought pursuant to MCR 2.116(C)(10), no genuine issue of material fact, and reviews it as such. *Huff v Ford Motor Co,* 127 Mich App 287; 338 NW2d 387 (1983).

A motion for summary disposition premised upon MCR 2.116(C)(10), no genuine issue as to any material fact, requires the trial court to review the entire record to determine whether the nonmoving party has discovered facts to support the claim or defense. Consequently, the trial court must look beyond the pleadings and consider affidavits, depositions, and interrogatories. In reviewing this evidentiary record, the trial court must give the benefit of any reasonable doubt to the nonmoving party in deciding whether a genuine issue as to a material fact exists. The party opposing the motion must then come forward with a showing that there is evidence to make an issue on which a dispute truly exists. If no showing is forthcoming, summary judgment is granted. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Before judgment may be granted, the trial court must be satisfied that it is impossible for the claim asserted to be supported by the evidence at trial. *Huff, supra.*

The duty of an insurance company to provide a defense to a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial. *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139; 345 NW2d 659 (1983). The rule

regarding an insurer's duty to defend was elaborated on by this Court in *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 141-142; 301 NW2d 832 (1980):

"The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich App 63; 264 NW2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. 14 Couch on Insurance 2d, § 51:45, p 538." (Emphasis in original.)

Despite the above quoted pronouncement, the duty to defend is not an unlimited one. The insurer is not required to defend against claims for damage expressly excluded from policy coverage. The exception in the policy is part of the contract between the parties. See *Burton v Travelers Ins Co,* 341 Mich 30; 67 NW2d 54 (1954).

In the instant case, defendants claim that plaintiff's obligation to defend and indemnify arises from the following policy provision:

SECTION II

COMPREHENSIVE PERSONAL LIABILITY PROTECTION

PERSONAL LIABILITY COVERAGE

*We will pay all sums arising out of any one occurrence which an insured becomes legally obligated to pay as damages because of bodily injury* or property damage *covered by this policy. If a claim is made or suit is brought against the insured for liability under this coverage, we will defend the insured.* We will use our lawyers and bear the expense. We are not obligated to defend after we have paid an amount equal to the limit of our liability. We may investigate or settle any claim or suit as we think appropriate.

MEDICAL PAYMENTS TO OTHERS COVERAGE

We will pay the reasonable medical expenses incurred within three years from the date of the accident for each person who sustains bodily injury caused by accident to which this insurance applies.

*Each person who sustains bodily injury is entitled to this protection when that person is:*

1. on an insured premises with the permission of an insured, or

2. *elsewhere, if the bodily injury*

\* \* \*

b. *is caused by the activities of an insured* or a residence employee in the course of employment by an insured. [Emphasis added.]

Plaintiff claims any such purported coverage is clearly excluded by the following specific exclusion and definitions provided in this policy:

*We* do not cover *bodily injury* to *you* or a *family member* residing in *your* household.

\* \* \*

1. "You" and "your" mean the Policyholder

named in the Declarations and spouse if living in the same household.

2. "We," "us" and "our" mean Meridian Mutual Insurance Company.

3. "Bodily injury" means physical injury, sickness or disease to a person, and includes required care, loss of services, mental anguish and death resulting from the physical injury.

\* \* \*

5."Family member" means a person living in your household who is:

a. related to you by blood, marriage or adoption.

b. your ward, foster child or any other person who is your dependent.

Defendants counter plaintiff's argument claiming exclusion because the insurance policies do not define "household." Defendants claim "household" should be defined according to the policies' definition of "residence premises":

10. "Residence premises" means the one or two family dwelling described in the Declarations including the structures and grounds, or that part of any other building where you reside and which is described in the Declarations. Residence premises does not include any portion of any premises used for business purposes.

Defendants argue the pertinent "household" that the "Nye Road" policy is referring to is the household at Nye Road, not Raeburn. Because neither Thelma Nichols nor Eric Hunt ever resided at Nye Road, Eric Hunt would not be a "family member residing in your household" for purposes of the bodily injury exclusion.

We agree with plaintiff that this line of argument improperly equates "household" with the definition of "residence premises." "Residence premises" applies only to the property protection

coverage portion of the policy, § II. Moreover, the term "residence premises" does not appear in the insuring language of § II which provides personal liability protection, the policy section under which defendants claim coverage.

In *Thomas v Vigilant Ins Co,* 156 Mich App 280, 282-283; 401 NW2d 351 (1986), this Court stated the following regarding the definition of the term "household":

> Insurance contracts are to be interpreted according to the commonly understood meaning of the words of the contract. *Parrish v The Paul Revere Life Ins Co,* 103 Mich App 95, 97; 302 NW2d 332 (1981). The terms of the policy must be construed in accordance with the ordinary and popular sense of the language used so as to avoid strained interpretations. *Mich Mutual Ins Co v Sunstrum,* 111 Mich App 98, 102; 315 NW2d 154 (1981), lv den 414 Mich 890 (1982). *Black's Law Dictionary (rev 4th ed),* p 873, defines "household" as: "a family living together . . . [t]hose who dwell under the same roof and compose a family." *Webster's Third New International Dictionary* (1971) defines "household" as: "[t]hose who dwell under the same roof and compose a family; a domestic establishment; specifically, a social unit comprised of those living together in the same dwelling place." *The American Heritage Dictionary of the English Language* (1976) defines "household" as: "[a] domestic establishment including the members of a family and others living under the same roof." The commonly understood meaning of the word "household" is a family unit living under the same roof.

It is clear from the above that the term "household" has a different meaning than the term "residence premises" as defined in plaintiff's insurance policy. "Residence premises" refers to a type of physical structure while "household" refers to a

distinct type of living arrangement in the sense of a social unit.

Thus we believe the proper interpretation of the bodily injury exclusion excludes defendants' claims. The deposition testimony establishes that on and well before November 10, 1984, Carl Nichols, Thelma Nichols, and Eric Hunt were living at 605 Raeburn Drive as a family and that Eric Hunt was a "family member" living within that household. Eric was a stepson of Carl Nichols, a named insured, the natural son of Thelma Nichols, a named insured, and dependent of Thelma Nichols, a named insured.

Defendants next contend the trial court erred in determining that plaintiff was not obligated to defend or indemnify Carl Nichols against a claim of damages for mental anguish, loss of services, loss of society and companionship, fright and shock, and emotional upset made by Thelma Nichols. However, the policy's definition of "bodily injury" clearly encompasses these types of injuries and therefore they are excluded from coverage. Again, "bodily injury" as defined in the policy means physical injury, sickness, or disease to a person and includes required care, loss of services, mental anguish, and death resulting from the physical injury. Thelma Nichols' claims fall clearly within the definition of "bodily injury."

Affirmed.