**FIREMAN'S FUND INSURANCE COM-PANIES and American Insurance Company, Plaintiffs,**

v.

**EX–CELL–O CORPORATION, et al., Defendants.**

**EX–CELL–O CORPORATION, et al., Third–Party Plaintiffs,**

v.

**AIU INSURANCE COMPANY (Successor to American International Insurance Company), et al., Third–Party Defendants.**

No. 85–CV–71371.

United States District Court, E.D. Michigan, S.D.

Dec. 10, 1990.

Jeffrey Silberfeld, Rivkin, Leff & Radler, Uniondale, N.Y., Michael G. Costello, Plunkett & Cooney, Detroit, Mich., for American Intern. Ins. Co.

Eugene R. Anderson, Lynn A. Stansel, Nicholas J. Zoogman, New York City, Robert B. Webster, Richard C. Sanders, Peter Metters, Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich., for Ex-Cell-O, McCord and Davidson.

Barry M. Kelman, Gofrank and Kelman, Southfield, Mich., H.G. Sparrow, III, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., Mary Vyskocil, Simpson, Thacher & Bartlett, New York City, for Travelers Ins.

John W. Henke, Gropman, Lebow & Tobin, Birmingham, Mich., Paul L. Gingras, Zelle & Larson, Minneapolis, Minn., for Wausau Ins. Co.

Paul S. Koczkur, Harvey, Kruse, Westen & Milan, Detroit, Mich., for Integrity Ins. Co.

Peter B. Kupelian, Tucker & Rolf, Southfield, Mich., for Zurich American Ins. Co.

Leonard B. Schwartz, Sommers, Schwartz, Silver & Schwartz, Southfield, Mich., for Royal Indem.

Deborah A. Pitts, Robert A. Zeavin, Buchalter, Nemer, Fields, Chrystie & Younger, Los Angeles, Cal., James R. Case, Kenneth C. Harrison, Kerr, Russell and Weber, Detroit, Mich., for AIU Ins. Co. and Highland Ins. Co.

Charles C. Cheatham, Dwight Robinson, James G. Gross, MacArthur, Cheatham, Acker & Smith, Detroit, Mich., for American Employers Ins. Co.

David M. Tyler, Sullivan, Ward, Bone, Tyler, Fiott & Asher, Southfield, Mich., Michael G. Bruton, Michael J. Merlo, Pretzel, Stouffer, Chartered, Chicago, Ill., for Prudential Re-Insurance Co.

Andrea Sykes Foote, Lord, Bissell & Brook, Chicago, Ill., Thomas F. Myers, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, Mich., for Certain Underwriters at Lloyd's, London and London Market Ins. Co.

Stephen M. Kelley, Kitch, Saurbier, Drutchas, Wagner & Kenney, Detroit, Mich., Mitchell L. Lathrop, Adams, Duque & Hazeltine, San Diego, Cal., for St. Paul Fire & Marine Ins. Co.

James R. Case, Kenneth C. Harrison, Kerr, Russell & Weber, Detroit, Mich., for Federal Ins. Co.

Michael W. Hartmann, Miller, Canfield, Paddock & Stone, Detroit, Mich., Timothy C. Russell, Wilson M. Brown, III, Patricia A. Gotschalk, Drinker, Biddle & Reath, Washington, D.C., for Am. Motorists, Am. Manu. Mut., Lumbermens Mut.

Paul S. Koczkur, Harvey, Kruse, Westen & Milan, Detroit, Mich., for Mission Ins. Co. and Mission Nat.

T. Joseph Seward, Bernard P. McClorey, Ronald G. Acho, Cummings, McClorey, Davis & Acho, Livonia, Mich., L. Anthony Sutin, William J. Bowman, Hogan & Hartson, Washington, D.C., for Hartford Acc. and Nelson R. Goodrich.

Scott L. Gorland, Phyllis Golden Morey, Barbara Colby Tanase, Pepper, Hamilton & Scheetz, Detroit, Mich., Stephen Jacobs, Amy B. Gallent, Siff, Newman, Rosen & Parker, New York City, for First State Ins. and New England Reins. Corp.

James N. Martin, Victor Van Kamp, Martin, Bacon & Martin, Mt. Clemens, Mich., John W. Stamper, O'Melveny & Myers, Los Angeles, Cal., for Pacific Employers Ins. Co.

William Jamieson, Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, Southfield, Mich., for Northbrook Excess and Surplus Ins. Co. ("NESCO").

J.R. Zanetti, Jr., Highland & Currier, P.C., Southfield, Mich., for Transport Indem. Co.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

A bench trial was held in April of 1990 to resolve issues of insurance policy coverage. As a result of that trial, I issued an opinion on August 30, 1990, finding that insurers do not have a duty to indemnify policyholders for environmental contamination at four sites in the State of New Hampshire.[1] I left unresolved whether the duty to defend continued after insurers' duty to indemnify was resolved in their favor. I now conclude that Employers Insurance of Wausau's duty to defend policyholders terminated as of August 30, 1990, the date I found insurers had no duty to indemnify policyholders.[2]

### I. *Analysis*

The relevant facts are set forth in the August 30, 1990 Memorandum Opinion and Order and the subsequent Amended Memorandum Opinion and Order of November 19, 1990. In that opinion, I held that as an initial step to establish coverage, policyholders had to prove an "occurrence" resulting in property damage during the relevant policy periods. I also held that if policyholders met their burden of proving an occurrence as to each site, a policy ex-

ception allowed denial of coverage if insurers could prove that policyholders expected or intended the resulting damage.

In light of these legal standards, I found that policyholders did not prove an occurrence resulting in property damage at the Farmington plant site within the relevant policy periods. Even if policyholders could show an occurrence resulting in property damage, I found that insurers proved that policyholders expected the resulting damage. I also found that policyholders expected the resulting property damage at the Cardinal and Dover landfill sites. Finally, I found that policyholders did not prove an occurrence at the Ottati & Goss site.

With regard to the duty to defend, policyholders argue that it continues until the underlying actions are resolved. Employers Insurance of Wausau ("Wausau"), on the other hand, contends that its duty to defend terminated when the duty to indemnify was resolved in its favor. The contracts at issue provide only for defense of claims potentially within the scope of coverage. Because I have determined previously that policyholders' claims are outside the policy coverage, there can be no continuing duty to defend. Through interpretation of the policy language and applicable case law, I conclude that the duty to defend terminated as of August 30, 1990.

### A. *Policy Language Interpretation*

Based on interpretation of the policy language, Wausau does not have a continuing obligation to defend policyholders regarding two of the sites at issue—the Farmington plant and Ottati & Goss sites. The relevant contract language states:

[T]he Company shall have the right and duty to defend any suit against the insured seeking damages on account of *such ... property damage, even if any of*

---

[1]. In connection with those sites, policyholders previously received notices from the United States Environmental Protection Agency ("EPA") and the State that they may be potentially responsible for cleaning up contamination at each site.

[2]. The policy language states, and the parties agree, that the excess carriers, American Employers Insurance Company, First State Insurance Company, and New England Reinsurance Corporation, have no duty to defend until their obligation to indemnify is reached. This opinion, therefore, addresses only Wausau's obligation to defend.

the allegations of the suit are groundless, false or fraudulent. . . .

(emphasis added). The "such . . . property damage" refers to property damage caused by an occurrence. According to the policies:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies, caused by an occurrence. . . .

Because I have ruled that policyholders have not proved an occurrence with regard to the Farmington plant and Ottati & Goss sites, there is no "such . . . property damage," and therefore, no continuing duty to defend with regard to those sites.

Like Wausau, policyholders use a contract interpretation argument to support their contrary position. They argue that because the contract language does not explicitly limit Wausau's duty to defend to its duty to indemnify, it is reasonable to expect that it has a continuing obligation to defend. The policies state that the duty to defend ceases "after the applicable limit of liability has been exhausted by payment of judgments or settlements." Policyholders claim this language implies that Wausau could have included a provision in the policy language stating that the duty to defend terminates upon resolution of a declaratory judgment in its favor. Because it did not, Wausau's duty to defend continues.

Wausau has the stronger position based on contract interpretation. Policyholders argue that an absence of language explicitly stating when the duty to defend terminates implies that a continuing duty to defend exists. Wausau takes the specific contract language concerning duty to defend and argues that because I have found policyholders have not proved an occurrence in this case as to two sites, there is no "such . . . property damage," and therefore no duty to defend. I find policyholders' argument from language not contained in the contracts to be inconclusive, particu-

larly in the face of policy language that conflicts with their position. I base my interpretation on what the contract does say, rather than what it does not say.

### B. Case Law

Michigan case law and case law of other jurisdictions support Wausau's position as to the remaining sites at issue. Wausau argues that courts interpreting Michigan law have held that the duty to defend does not exist when it is has been judicially determined that there is no indemnity coverage based on a policy exception to coverage. *Meridian Mutual Insurance Co. v. Hunt,* 168 Mich.App. 672, 677, 425 N.W.2d 111 (1988); *Fremont Mutual Insurance Co. v. Wieschowski,* 182 Mich.App. 121, 124, 451 N.W.2d 523 (1989); *Budd Co. v. Travelers Indemnity Co.,* 820 F.2d 787, 790 (6th Cir.1987) (citing *Insurance Co. of North America v. Forty–Eight Insulations, Inc.,* 633 F.2d 1212 (6th Cir.1980), *modified,* 657 F.2d 814, *cert. denied,* 454 U.S. 1109, 102 S.Ct. 686, 70 L.Ed.2d 650 (1981)). For example, the Michigan Court of Appeals held recently that an insurer had no duty to defend where it had been established in a declaratory judgment action that the insurer had no duty to indemnify. The court found that:

> [T]he duty to defend is not an unlimited one. The insurer is not required to defend against claims for damage expressly excluded from policy coverage. The exception in the policy is part of the contract between the parties.

*Meridian Mutual,* 168 Mich.App. 672 at 677, 425 N.W.2d 111 (1988) (citing *Burton v. Travelers Insurance Co.,* 341 Mich. 30, 67 N.W.2d 54 (1954)). According to *Couch:* "There is by definition no duty to defend with respect to a cause of action . . . with respect to which, by virtue of a policy exception, no coverage exists." 14 *Couch on Insurance* § 51:42 (2d ed.1982) (citation omitted).[3]

Applying the case law to the facts at hand, I find that Wausau does not have a

---

**3.** *See also Lusalon, Inc. v. Hartford Accident and Indem. Co.,* 400 Mass. 767, 511 N.E.2d 595, 599 (Mass.1987); *Hartford Accident and Indem. Co. v. Aetna Life and Casualty Ins. Co.,* 98 N.J. 18, 483 A.2d 402, 405 (1984); *Creed v. Allstate Ins. Co.,* 365 Pa.Super. 136, 529 A.2d 10, 13 (1987).

continuing duty to defend as to the remaining sites because it has previously shown that no duty to indemnify exists based on a policy exception to coverage. The definition of occurrence in the policies states that property damage must have been "neither expected nor intended from the standpoint of the insured." At trial, insurers proved that they did not have a duty to indemnify policyholders with respect to the Cardinal and Dover landfill sites because the property damage at those sites was expected by policyholders.[4] Because no indemnity coverage exists with respect to the Cardinal and Dover landfill sites based on a policy exception, Wausau has no duty to defend policyholders as to those sites.

Policyholders also make arguments based on case law to support their opposing position. They cite *Iacobelli Construction Co. v. Western Casualty & Surety Co.*, 130 Mich.App. 255, 343 N.W.2d 517 (1983), for the proposition that a defense obligation is dependent upon the allegations in the underlying actions rather than upon proof that a policyholder's liability comes within the policy. In *Iacobelli* the court held that a policyholder could reasonably expect that the duty to defend included the costs of prosecuting an appeal even though a jury in the underlying case found an intentional trespass that put the claim outside the policy coverage. What distinguishes *Iacobelli*, however, is that there was no finding by a court (as there is in this case) that coverage for indemnity does not exist. If an appellate court found error with the jury instructions in *Iacobelli*, the case could be remanded and a jury could potentially find coverage. *Id.* at 266, 343 N.W.2d 517. In this declaratory judgment action by contrast, I have excluded any possibility of indemnification; therefore, the underlying action is not relevant to resolution of Wausau's duty to defend.

Policyholders also assert that the duty to defend continues because Wausau cannot confine the claims to a recovery that the policies do not cover until the underlying claims are resolved. They rely on a seminal case on duty to defend by Judge Learned Hand, *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750 (2d Cir.1949). In *Lee*, Judge Hand found that the duty to defend continued until the insurance company "could confine the claim to a recovery that the policy did not cover." *Id.* at 753. Policyholders argue that declaratory judgment actions have no effect on the ultimate resolution of an underlying suit, and therefore rulings made in declaratory judgment actions cannot confine the claim to a recovery that the policy does not cover.

Policyholders cite a recent district court case to support this argument. In *In re Acushnet River & New Bedford Harbor*, 725 F.Supp. 1264 (D.Mass.1989), the court held that insurers must "prove with conclusive effect on the sovereigns [the United States and the Commonwealth of Massachusetts] that, as a matter of fact, the sovereigns cannot establish a claim within the insurance policy." *Id.* at 1270. As a result, the insurers could only obviate their duty to defend by a showing in the underlying action that the policies did not cover the damage. Policyholders argue that likewise, in this case, a court could find in the underlying action that policyholders are covered under the policies. Until the contrary is shown, Wausau has a continuing duty to defend.

The *Acushnet* case is distinguishable because it was a summary judgment action, not a trial. Because that court only addressed the law, not the facts, it could not confine the claim to a recovery the policy did not cover. In this case, on the other hand, by ruling that policyholders did not prove an occurrence at the Farmington

---

4. In the opinion, I based insurers' lack of a duty to indemnify as to the Farmington plant site on alternative grounds. I first found that policyholders did not prove an occurrence resulting in property damage at the plant site during the relevant policy periods. Even if policyholders could prove an occurrence, I found that insurers proved that policyholders expected the resulting damage. Because of my holding based on alternative grounds, the case law analysis applies to the Farmington plant site, as well as the policy language analysis.

plant and Ottati & Goss sites and by ruling that insurers did prove that policyholders expected the resulting property damage at the Cardinal and Dover landfill sites, I have confined the claims to a recovery the policies do not cover. As to each of the four sites, Wausau's duty to defend terminated as of August 30, 1990.[5]

## II. Conclusion

The importance of finality should not be underestimated. Environmental enforcement actions are unique in that it is likely that the underlying actions may never be resolved through the judicial process. At this time no suit has been filed with respect to any of the four sites at issue in this case. EPA and the State of New Hampshire have only sent potentially responsible party letters to policyholders. Because of this posture, it is reasonable to reach finality with regard to Wausau's duty to defend.

For the foregoing reasons, I find Wausau's duty to defend policyholders in this action terminated as of August 30, 1990.

IT IS SO ORDERED.

**5.** Insurers also point to admissions by policyholders that the duty to defend ends when it is determined that there is no indemnity coverage. In a joint pretrial statement to Magistrate Steven D. Pepe who is handling the determination of defense costs, policyholders stated:

The Policyholders have withdrawn their claims for indemnification, and thereby, for defense costs, at three sites originally included in their Amended Statement of Defense Costs....

\* \* \* \* \* \*

As previously noted, the Policyholders have withdrawn their claims for indemnification, and thus for defense costs, at the Keefe Environmental Services, Silresim Chemical Company, and Charles George Landfill sites. Wausau's Memorandum of Law Regarding Duty to Defend, Exhibit B, at 3 nn. 1 and 4. Although it appears that policyholders, too, linked the two duties, I do not find this admission controlling.