**PARAMETER DRIVEN SOFTWARE, INC., Plaintiff–Appellant,**

v.

**MASSACHUSETTS BAY INSURANCE COMPANY, Defendant–Appellee.**

No. 93–1351.

United States Court of Appeals, Sixth Circuit.

Argued April 19, 1994.

Decided June 1, 1994.

Mark A. Cantor (argued and briefed), Mick A. Nylander, Brooks & Kushman, Southfield, MI, for plaintiff-appellant.

James T. Mellon (briefed), Anne L. Kamego (argued and briefed), Mellon, McCarthy & Van Dusen, Troy, MI, for defendant-appellee.

Before: MILBURN and GUY, Circuit Judges; and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Plaintiff Parameter Driven Software, Inc. ("Parameter" or "the Insured") sued its insurer, Massachusetts Bay Insurance Co. ("Massachusetts Bay" or "the Insurer") for breach of a contractual obligation to provide it with legal representation in two underlying lawsuits. In this diversity case governed by Michigan law, the district court awarded summary judgment to Massachusetts Bay. 856 F.Supp. 356. We AFFIRM.

## I.

Parameter is a Michigan corporation formed in 1981 which has sold over $50 million of products, including computer hardware, software development tools, and general accounting software, using the mark "PDS."[1] In 1991 Parameter obtained from Massachusetts Bay a business owner's protection policy which included coverage for advertising offense liability.

The insurance contract between Parameter and Massachusetts Bay states in part:

> ADVERTISING OFFENSE LIABILITY—The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of advertising offense sustained by any person or organization and arising out of the conduct of the named insured's business, if the offense is committed during the policy period within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury even if any of the allegations of the suit are groundless, false, or fraudulent. . . .

> Advertising Offense Liability insurance does not apply:

> 5. to advertising offense *arising out of* . . .

> > b. *infringement of trademark,* service mark or trade name, other than titles or slogans, by use thereof on or in connection with goods, products or services sold, offered for sale or advertised. . . .

*Joint App.* at 138 (emphasis added). An "advertising offense" is defined as:

> [an] injury occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, *unfair competition,* or infringement of copyright, title, or slogan.

*Joint App.* at 139 (emphasis added). The policy does not define "unfair competition."

In granting summary judgment to the Insurer, the district court in the case at hand stated:

> The underlying litigation relates to two trademarks, "PDS" and "PDS and Design," both of which had been used by Parameter in connection with its computer

---

1. Parameter registered trademarks for "PDS" and "PDS and Design" in 1985.

programs for business applications. Personnel[2] challenged Parameter's use of "PDS" and "PDS and Design," and filed a petition in 1990 with the Trademark Trial and Appeal Board (Board) in an effort to preclude its further use of the challenged trademarks. On September 13, 1991, the Board agreed with Personnel and cancelled Parameter's right to use the two trademarks.

Two federal lawsuits immediately followed. The first case was initiated on October 23, 1991 by Personnel who sued Parameter in the Eastern District of Pennsylvania for false designation of origin, unfair competition, common law trademark infringement and trade name infringement.[3] Shortly thereafter, Parameter filed a lawsuit against Personnel in the Eastern District of Michigan, seeking, *inter alia*, a declaratory judgment that it had concurrent rights with Parameter [sic] to use the trademarks. Personnel counterclaimed with accusations that parallelled its claims in the Eastern District of Pennsylvania (to wit, false designation of origin, common law trademark and trade name infringement and unfair competition.) These two cases have been consolidated in this Court for pre-trial and trial purposes.

On November 4, 1991, Massachusetts Bay was formally requested by Parameter to defend its interests against Personnel's claims in the two pending lawsuits. On January 15, 1992, Massachusetts Bay rejected Parameter's request and declined to defend or pay any of the related attorney fees and costs. Approximately one month later (February 10, 1992), Parameter sued Massachusetts Bay on the basis of an alleged breach of contact. On October 26, 1992, the parties filed motions for summary judgment. . . .

*Joint App.* at 24–28 (footnotes omitted). The underlying dispute between Parameter and

2. Personnel Data Systems, Inc., is a Pennsylvania corporation which develops, markets, and installs computer programs for business applications, and which used the mark "PDS" for its computer programs prior to Parameter's use of the same mark.

3. Personnel's complaint against Parameter stated in part:

   1. This is an action for false designation of origin under the federal Trademark Act, for common law trademark and trade name infringement, and for unfair competition, arising from the use, by Defendant, of Plaintiff's trademark and trade name PDS.

   .   .   .   .   .

   20. Defendant's use of PDS, in any form, in connection with computer programs for use in the business field, is a false designation of origin, and constitutes unfair competition, insofar as such use of PDS falsely suggests, to consumers, that Defendant's product originates with Plaintiff. Defendant's use of PDS, on computer programs for business applications, is likely to cause confusion or mistake among consumers, and/or deceive consumers, concerning the origin of Defendant's products.

   .   .   .   .   .

   *Count I—False Designation of Origin*

   .   .   .   .   .

   23. Defendant's use of PDS, either alone or in combination with other elements, in connection with the advertising or sale of computer programs for business applications, constitutes a false designation of origin, within the meaning of Section 43(a) of the Trademark Act (15 U.S.C. § 1125(a)). Defendant is therefore liable to Plaintiff for the false designation of origin. Plaintiff is entitled to recover Defendant's profits derived from sales of products bearing the mark PDS, for the period since May 22, 1990.

   *Count II—Unfair Competition*

   .   .   .   .   .

   25. Defendant's use of PDS, either alone or in combination with other elements, in connection with the advertising or sale of computer programs for business applications, constitutes unfair competition. Defendant is therefore liable to plaintiff for unfair competition. Plaintiff is entitled to recover the damages sustained by such unfair competition, in an amount to be determined by the Court.

   *Count III—Common Law Trademark Infringement*

   .   .   .   .   .

   27. The use, by Defendant, of the name PDS, in connection with the sale of computer programs for business applications, constitutes trademark infringement. Defendant is therefore liable to Plaintiff for such infringement, in an amount to be determined by the Court.

   *Count IV—Trade Name Infringement*

   .   .   .   .   .

   29. The use, by Defendant, of the name PDS, as the name, or assumed name, or as the dominant part of the name, of an entity which advertises and sells computer programs for business applications, constitutes infringement of Plaintiff's rights in its trade name PDS. Defendant is therefore liable to Plaintiff for such infringement, in an amount to be determined by the Court.

   *Joint App.* at 89–95.

Personnel was settled by a consent judgment on March 8, 1993, through which Parameter was allowed to maintain its registrations and continue to utilize the "PDS" marks.

On February 10, 1993, the district court granted summary judgment to Massachusetts Bay with respect to liability for coverage under the advertising offense liability clause, and denied Parameter's summary judgment motion. The court held that Personnel's common law unfair competition claim against Parameter clearly arose out of the "PDS" trademark infringement, and that "[t]herefore, the plain language of the [insurance] contract [exclusion] does not require Massachusetts Bay to provide coverage under this claim." *Joint App.* at 35. Addressing Personnel's claim against Parameter for false designation of origin, the court found that "[b]ecause the definition within the [insurance] contract expressly covers advertising offenses that arise out of unfair competition, the Court concludes that this term encompasses all such allegations, including those arising out of 15 U.S.C. § 1125(a)." *Joint App.* at 36. The court went on to find, however, that the exclusion for "trademark infringement" did apply: "it is clear that the federal statutory unfair competition claim, 15 U.S.C. § 1125(a), arises out of the use of the trademark and trade name, 'PDS,' and, therefore, Massachusetts Bay is not obligated to provide coverage to Parameter for this claim." *Joint App.* at 37. Parameter appealed the district court judgment, and asks that we reverse summary judgment for Massachusetts Bay, and remand for entry of summary judgment to it and for a determination of damages.

## II.

We address only one issue in this case: whether the district court erred in granting summary judgment to the Insurer on the basis of an insurance policy provision excluding coverage of trademark infringement suits against the Insured, where the policy covers advertising offenses arising out of "unfair competition."

## III.

Parameter asserts that two of Personnel's four claims against it, Count I for false designation of origin and Count II for unfair competition, are specifically not excluded by the insurance policy, and should have been defended by Massachusetts Bay. Parameter claims that the insurer's duty to defend is broad and is based upon the allegations of Personnel's complaint against it. The Insured notes that Personnel's claims were pled as separate counts, with separate requests for damages.

Parameter also contends that the district court became confused regarding the distinction between unfair competition claims arising out of *use* of a trademark and those arising out of *infringement* of a trademark: i.e., that the former is broader and does not require or necessarily include a claim for trademark infringement. According to Parameter, the fact that Personnel's complaint included two counts for trademark *infringement* did not excuse Massachusetts Bay's duty to defend. Parameter further avers that the insurance policy is ambiguous since it provides coverage for an advertising offense arising out of "unfair competition" but excludes "trademark infringement," and that the ambiguity must be interpreted in favor of coverage for the insured.

Massachusetts Bay responds that the district court properly determined that Personnel's claims of unfair competition and false designation of origin arose solely out of trademark infringement, and thus were not covered by the policy because they fell under the exclusion. These claims were simply restatements of Personnel's trademark and trade name infringement claims, according to the Insurer. Thus, the Insurer argues it had no duty to defend. Massachusetts Bay asserts that although unfair competition can involve more than trademark and trade name infringement, an unfair competition claim can be (and was in this case) based exclusively on a claim of trademark or trade name infringement.

On cross-motions for summary judgment in this case, the parties alleged that there were no genuine issues of material fact. Summary judgment is appropriate where

"there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review a district court's grant of summary judgment de novo. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988). Moreover, we review de novo the district court's interpretation of an insurance contract. *Messer v. Paul Revere Life Ins. Co.*, 884 F.2d 939, 940 (6th Cir.1989).

■ In Michigan, the insurer has a duty to defend the insured when the allegations in a complaint by a third party (such as Personnel) "arguably come within the policy coverage." *Pattison v. Employers Reinsurance Corp.*, 900 F.2d 986, 988 (6th Cir.1990) (analyzing Michigan insurance law); *accord, Detroit Edison Co. v. Michigan Mut. Ins. Co.*, 102 Mich.App. 136, 301 N.W.2d 832, 835 (1980) ("In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor."). Of course, "[t]he insurer is not required to defend against claims for damage expressly excluded from policy coverage." *Meridian Mut. Ins. Co. v. Hunt*, 168 Mich. App. 672, 425 N.W.2d 111, 114 (1988). However, "[a]n insurer has a duty to defend, despite theories of liability asserted against the insured which are not covered under the policy, if there are any theories of recovery that come within the policy coverage. Doubt as to whether the policy is applicable must be resolved in the insured's favor." *Pattison*, 900 F.2d at 988 (citations omitted).

■ "An insurance contract is unambiguous if it fairly admits of only one interpretation." *State Farm Mut. Auto. Ins. Co. v. Snappy Car Rental, Inc.*, 196 Mich.App. 143,

492 N.W.2d 500, 504 (1992), *appeal denied*, 442 Mich. 884, 500 N.W.2d 479 (1993). Conversely, "an insurance contract is ambiguous ... if after reading the entire contract, the language can be understood in different ways." *Id.* "When an ambiguity exists, exclusionary clauses are strictly construed against the insurer." *Id.* We recently noted that under Michigan law, "the policyholder must be protected against confusing statements in policies, and, wherever there are two constructions that can be placed upon the policy, the construction most favorable to the policyholder will be adopted." *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 759 (6th Cir.1992) (internal quotation marks omitted).

The federal unfair competition provision is 15 U.S.C. § 1125(a); the federal trademark infringement statute is 15 U.S.C. § 1114. "Unfair competition" is difficult to define. J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 1.03 (3rd ed. 1992) ("MCCARTHY").[4] Unfair competition may include:

— infringement of trademarks and service marks;

— dilution of good will in trademarks;

— use of confusingly similar corporate, business and professional names;

— use of confusingly similar titles of literary works on other literary property, and on commercial goods;

— the appropriation of distinctive literary and entertainer characterizations;

— simulation of a container or product configuration and of trade dress and packaging;

— infringement of the right of publicity;

— misappropriation of valuable business values;

— "bait and switch" selling tactics;

---

**4.** "Unfair competition" has been defined as:

A term which may be applied generally to all dishonest or fraudulent rivalry in trade and commerce, but is particularly applied to the practice of endeavoring to substitute one's own goods or products in the markets for those of another, having an established reputation and extensive sale, by means of imitating or counterfeiting the name, title, size, shape, or distinctive peculiarities of the article, or the shape, color, label, wrapper, or general appearance of the package, or other such simulations, the imitation being carried far enough to mislead the general public or deceive an unwary purchaser, and yet not amounting to an absolute counterfeit or to the infringement of a trademark or trade-name. BLACK'S LAW DICTIONARY 1528 (6th ed.1990) (citing *Singer Mfg. Co. v. June Mfg. Co.*, 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118 (1896)).

— false representations and false advertising;

— "palming off" goods by unauthorized substitution of one brand for the brand ordered;

— theft of trade secrets;

. . . . .

McCarthy § 1.05 (footnotes omitted). Trademark infringement is thus one type of unfair competition. *Id.* § 2.02. One court has noted:

> There is, however, a fundamental distinction to be drawn between trade-mark infringement and unfair competition. Trade-mark infringement rests on a relatively narrow principle compared to unfair competition. The essential element of a trade-mark is the exclusive right of its owner to use a word or device to distinguish his product. On the other hand, a claim of unfair competition considers the total physical image given by the product and its name together. Thus unfair competition exists if the total impression of package, size, shape, color, design, and name upon the consumer will lead him to confuse the origin of the product.

*Jean Patou, Inc. v. Jacqueline Cochran, Inc.,* 201 F.Supp. 861, 863 (S.D.N.Y.1962), *aff'd,* 312 F.2d 125 (2d Cir.1963) (quoted in McCarthy § 2.02 (noting "the quotation probably defines 'unfair competition' too narrowly")). "In trademark law, therefore, it is only the exclusive symbol characterized as a 'trademark' that is juxtaposed against another's usage to determine whether or not the two uses by two sellers are likely to confuse customers."[5] McCarthy § 2.02. Regarding pleadings, "[i]t is not uncommon for plaintiff's attorney to designate a count in a complaint for infringement of common law trademark rights as one for 'unfair competition.' This is not inaccurate, but is probably too broad to be very helpful to any reader. However, the traditions of custom and usage are hard to break." *Id.* We think that this is

exactly what happened with Personnel's underlying complaint.

■ Parameter used exactly the same trademark as Personnel, "PDS." *Trademark Trial and Appeal Board Decision,* 13 September 1991 (*Joint App.* at 99). The Board "found little doubt that use of the marks of these two parties on the same or related goods or services is likely to cause confusion as to the source thereof." *Joint App.* at 100. As previously noted, the first paragraph of Personnel's original complaint against Parameter stated:

> 1. This is an action for false designation of origin under the federal Trademark Act, for common law trademark and trade name infringement, and for unfair competition, *arising from the use, by Defendant, of Plaintiff's trademark and trade name PDS.*

*Joint App.* at 89 (emphasis added). The insurance policy excludes coverage for advertising offenses "arising out of ... infringement of trademark." *Joint App.* at 138. All four counts of Personnel's complaint were based upon Parameter's use of the trademark PDS. An insurer in Michigan "is not required to defend against claims for damage expressly excluded from policy coverage." *Hunt,* 425 N.W.2d at 114. We find that the clear language of the policy exclusion for "infringement of trademark" applies, and agree that Massachusetts Bay had no duty to defend Parameter. We therefore AFFIRM summary judgment for appellee Massachusetts Bay.

---

5. "Infringement of trademark" has been defined as

> [t]he unauthorized use, or colorable imitation of the mark already appropriated by another, on goods of a similar class.... It exists if

words or designs used by defendant are identical with or so similar to plaintiff's that they are likely to cause confusion, or deceive or mislead others.

Black's Law Dictionary 781 (6th ed.1990).