HAWORTH, INC., Plaintiff,

v.

HERMAN MILLER, INC.; Carithers–Wallace–Courtenay, dba CWC Office Outfitters; and Arthur Anderson & Co.; Defendants,

and

The Knoll Group, Inc.; Mauri Sardi; James Williams; Harold Snodgrass; Ford F. Farabow, Jr.; Reff Corporation; and Westinghouse Electric Corporation; Movants.

No. 1:92:CV:877.

United States District Court, W.D. Michigan.

Feb. 9, 1994.

Carole D. Bos, John C. Buchanan, Lee T. Silver, Buchanan & Bos, Grand Rapids, MI, Dale H. Thiel, Flynn, Thiel, Boutell & Tanis, Kalamazoo, MI, George M. Sirilla, Nancy J. Linck, William K. West, Jr., George Paul Edgell, Jeffrey A. Simenauer, Barry Paul Golob, James D. Berquist, Susan T. Brown, Cushman, Darby & Cushman, Washington, DC, Stuart I. Friedman, Friedman, Wittenstein & Hochman, New York City, Frank G. Smith, III, Ronald L. Reid, Alston & Bird, Atlanta, GA, for Haworth, Inc.

Ellen S. Carmody, James L. Wernstrom, Law, Weathers & Richardson, Grand Rapids, MI, William H. Frankel, Willian Brinks Hofer Gilson & Lione, Chicago, IL, James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, Willian Brinks Hofer Gilson & Lione, Chicago, IL, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Herman Miller, Inc.

James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, Willian Brinks Hofer Gilson & Lione, Chicago, IL, Susan A. Cahoon, Kilpatrick & Cody, Atlanta, GA, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Carithers–Wallace–Courtenay.

Michael C. Russ, Sean R. Smith, King & Spaulding, Atlanta, GA, Daniel T. Schibley, Dennis J. O'Hara, Wilson & McIlvaine, Chicago, IL, for Arthur Anderson & Co.

John M. Romary, Michael L. Leetzow, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, DC, Robert H. Gillette, Wheeler Upham, PC, Grand Rapids, MI, David H. Flint, Schreeder, Wheeler & Flint, Atlanta, GA, for Knoll Group, Inc., Mauri Sardi, James Williams, Harold Snodgrass, Ford F. Farabow, Jr., Reff Corp., Westinghouse Elec. Corp.

### Opinion

ENSLEN, District Judge.

The matter before the Court is defendant Herman Miller, Inc.'s ("HMI") motion for summary judgment of laches. The standard for summary judgment pursuant to Fed. R.Civ.P. 56 is well-known, and I will not repeat it here.

Plaintiff ("Haworth") and defendant HMI both manufacture furniture. Plaintiff's complaint alleges that defendant infringed two of its patents. The alleged improvement in each claim is directed to specific arrangements for prewired electrical outlets and receptacles in moveable wall panels.

Defendant's present motion asks the Court to order that plaintiff may not recover damages for alleged acts of infringement that occurred prior to January 9, 1992, the date on which defendant was served with plaintiff's complaint. That complaint alleges that HMI infringed claims 5 and 26 of U.S. Patent No. 4,370,008 ("the '008 patent") and claim 26 of U.S. Patent No. Re. 31,733 ("the '733 patent").[1]

## The Law of Laches

■ In patent infringement suits, the defense of laches provides that if the patentee unduly delays bringing its claim to court, then it is barred from recovering damages for infringements prior to the filing of the suit. In a recent *en banc* decision, the Federal Circuit provided a lengthy and helpful analysis of the defense of laches, which I will rely on throughout this Opinion. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020 (Fed.Cir.1992).

■ The principle behind laches is that it would be inequitable to permit the patentee to recover for infringements occurring during the time of its own unreasonable, unexcused, and harmful delay. Therefore, for laches to control, the patentee must have engaged in unreasonable and inexcusable delay in filing suit. Such delay is measured from the time the plaintiff knew or reasonably should have known of its claim against the defendant. In addition, the alleged infringer must show that this delay has materially prejudiced it. *Aukerman* at 1032.

■ If laches is proven, the only way a plaintiff can defeat the defense is to establish that the infringer "has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor," or "that the accused infringer was itself guilty of misdeeds towards the patentee. This flows from the maxim, 'He who seeks equity must do equity.'" *Aukerman* at 1033, 1038.

■ Because the defense of laches operates as a sort of "statute of limitations" for patent suits, certain presumptions have been developed. A presumption of laches arises if defendant demonstrates a delay of over six years from the date of the first known alleged infringement of the patented feature. This time period amounts to a *prima facie* showing of laches. *Aukerman* at 1034–38.

■ However, in accord with Fed.R.Ev. 301, the presumption of laches comports with the "bursting bubble" theory of presumptions. Therefore, the presumption vanishes upon the introduction of evidence which puts a presumed fact into genuine dispute. For example, the patentee can overcome the presumption of laches with specific evidence excusing the delay, or by establishing a lack of prejudice to the accused infringer. *Id.* Such evidence may "burst the bubble," even if it is ultimately rejected as not persuasive. *Id.* at 1038.

## Discussion

### Presumption of Laches

Defendant first argues that a presumption of laches has arisen against plaintiff, which plaintiff cannot rebut. If plaintiff knew or should have known about the alleged infringement more than six years before it filed suit, the presumption of laches arises. Because plaintiff filed suit on January 7, 1992, the trigger date for the presumption is January 6, 1986.

Plaintiff accused defendant of infringing its patents on March 6, 1986. Therefore, it clearly knew of the alleged infringement on that date. The question is whether plaintiff knew or should have known about the alleged infringement exactly two months earlier, before January 6, 1986. If the answer is yes, a presumption of laches arises.

■ Defendant argues that plaintiff knew or should have known of the alleged infringement of the '733 patent in 1979. However, because plaintiff is not charging defendant's 4–wire ED 100/200 product, introduced in 1979, with infringement, plaintiff's knowledge of this product cannot be used as a marker for laches in the present suit.

---

1. The '733 patent was originally issued as patent No. 4,060,294 on November 29, 1977. On November 13, 1984, it was reissued as '733. Claim 26 of this patent, which is the only claim asserted against HMI, was not changed in the reissue proceeding.

The earliest product plaintiff alleges infringes its patents is defendant's 6–wire EK–400, which was introduced in 1984. The next product is the Ethospace, which was introduced in 1985. Plaintiff alleges that these products infringe both the '008 and the '733 patent.

Harold Wilson, the named inventor on both patents, attended a trade show on June 14, 1984, where the EK–400 was displayed. Within the month, he discussed it with plaintiff's patent counsel, and obtained samples of the EK–400 electrical system. Before that show, Wilson inspected a sample power system of an EK–400 electrical system, and characterized the system as a "knock-off" of Haworth's patented system. In addition, defendant's Ethospace model was displayed at a trade shows in October 1984, and June 1985, where it was examined by Haworth.

As a result of the actions described above, I hold that plaintiff should have known of the alleged infringement by the EK–400 and the Ethospace before January 6, 1986.

However, I also conclude that plaintiff has presented enough specific evidence excusing the delay to "burst the bubble," and overcome the presumption of laches.[2] Therefore, defendant is not shielded by the presumption, and the Court must next examine the merits of each side's laches position.

### Was Plaintiff's Delay Unreasonable, Unexcusable, and Prejudicial?

In accordance with the discussion above, I find that plaintiff waited between six and eight years to file its pending patent infringement claims. In order to establish laches on summary judgment, defendant must demonstrate that this delay was unreasonable, *and* it was unexcused, *and* it caused defendant to suffer material prejudice. Because it is dispositive of this motion, I will first analyze whether plaintiff's delay was excusable.

Plaintiff asserts that its failure to file suit in the period between its awareness of the alleged infringement and May of 1989 is excused by its litigation with Steelcase. Steelcase opposed the reissue of the '733 patent. That patent was reissued in Novem-

ber 1984, eight years before the present suit was filed. After the '733 patent was reissued, plaintiff and Steelcase remained unable to resolve whether Steelcase was infringing. Plaintiff sued Steelcase in November of 1985. In June of 1988, this Court held that the '008 and '733 patents were valid and enforceable, but had not been infringed. In January of 1989, the Federal Circuit reversed that ruling in part, and held that the patents had been infringed. The Supreme Court denied certiorari in May of 1989, and the damages phase of the case continues to this day.

Defendant had notice of the Steelcase litigation, and of plaintiff's position on defendant's actions. Four months after plaintiff commenced litigation with Steelcase, plaintiff advised defendant of the Steelcase suit, informed defendant of its belief that defendant was infringing the '733 patent, and advised it that it intended to enforce the patent. In March of 1987, plaintiff informed defendant of its belief that defendant was infringing the '733 patent.

I am satisfied that plaintiff's litigation with Steelcase, and its notice to defendant, "excuses" the delay up to June of 1989. *E.g., Aukerman* at 1033; *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* 944 F.2d 870, 877 (Fed.Cir.1991); *Jamesbury Corp. v. Litton Industrial Products, Inc.,* 646 F.Supp. 1495, 1500 (D.Conn.1986).

The next phase to examine is the thirty-one months between June 1989 and the date of filing, January 1992. In June of 1989, plaintiff contacted all alleged infringers, including defendant, to begin negotiations. In May of 1989, plaintiff settled with Westinghouse, and in the spring of 1991 it settled with Knoll. Because negotiations with Allsteel broke down, plaintiff sued Allsteel for infringement of the '008 and '733 patents in March 1990. That controversy was settled in March 1991.

This flurry of activity helps to excuse the sporadic nature of plaintiff's contact with defendant during this period. Although plaintiff's pursuit of negotiations with defendant during this period cannot be characterized as consistent, plaintiff did advise defendant of

---

**2.** This evidence is examined *infra.*

the Allsteel suit, and plaintiff's continuing intent to enforce its patents, in June 1990.

■ Finally, approximately two months after settling with Allsteel, plaintiff wrote to defendant about resuming negotiations. Defendant waited ten weeks to reply, and some correspondence ensued. Given the tone of the letters, I am hesitant to conclude that the negotiations between plaintiff and defendant that occurred after the conclusion of the Allsteel litigation in March 1991, and the filing of this suit in January 1992, were "continuous and bilaterally progressing, with a fair chance of success," *Aukerman* at 700 (citations omitted), sufficient to "excuse" plaintiff's failure to file suit.

However, even if it does not "excuse" the ten month delay between settling the Allsteel litigation and filing this suit, I hold that plaintiff's attempt to resolve its dispute with defendant without litigation, and the time it took plaintiff to realize it could not do so, was not unreasonable.

### Conclusion

Defendant has not established that plaintiff's delay in filing its complaint against defendant was both unexcusable and unreasonable. Therefore, I need not reach the question of prejudice, or plaintiff's "clean hands" argument.

Defendant's motion is denied. Further, I hold that no genuine dispute of material fact exists concerning the laches issue, and defendant may not put forward this defense to damages.